# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2026

Lyle W. Cayce
Clerk

No. 26-40110

David R. Pete,

*Plaintiff—Appellant*,

*versus*

United States of America; United States Government; Secretary of State; Secretary of Treasury; Secretary of Defense; Attorney General, *Secretary of Justice*; Secretary of the Interior; Secretary of Agriculture; Secretary of Commerce; Secretary of Health and Human Services; Secretary of Housing and Urban Development; Secretary of Transportation; Secretary of Energy; Secretary of Education; Secretary of Veterans Affairs; Secretary of Homeland Security; Donald J. Trump, *In his official capacity as President of the United States*; J. D. Vance, *In his official capacity as Vice President of the United States*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:25-CV-434

_____

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

No. 26-40110

PER CURIAM:[*]

David R. Pete sued the United States of America and its officers, alleging that the government and its executive departments had engaged in a "systematic pattern of discrimination" against him over several years. A magistrate judge recommended that Pete's *in forma pauperis* lawsuit be dismissed *sua sponte* for lack of jurisdiction because Pete alleged only a "generalized grievance" rather than an injury in fact sufficient to establish standing. Pete objected, arguing that his complaint sufficiently alleged an injury in fact; he did not request leave to amend it. The district judge adopted the recommendation and dismissed the lawsuit without prejudice. Pete contends that the district court erroneously found that he failed to show standing and dismissed his pro se complaint without affording him an opportunity to amend.

We review a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Pete's three-page complaint against various government officials makes only conclusory and general allegations. Because it fails to show an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" sufficient to meet the "injury in fact" element of Article III standing, the district court lacked jurisdiction. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992) (citation modified).

Although a pro se litigant should generally be offered an opportunity to amend before his complaint is dismissed, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998) (per curiam), here, Pete never sought leave to amend, *see Crenshaw-Logal v. City of Abilene*, 436 F. App'x 306, 309 (5th Cir. 2011) (per curiam). And there is no indication in his complaint, his objections to the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 26-40110

magistrate judge's recommendation, or his appellate brief that he would be able to establish standing in an amended complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (affirming dismissal of a complaint without offering leave to amend and noting that the plaintiff's filings gave "no indication that he" had not pleaded his "best case" and that he had not stated what "material facts he would have included in an amended complaint"). Pete has not shown that the district court erred or abused its discretion by failing to offer him an opportunity to amend before dismissing his complaint. *See id.*; *Crenshaw-Logal*, 436 F. App'x at 310 ("A district court does not abuse its discretion in denying leave to amend when, as here, amendment would be futile.") (citing *Briggs v. Mississippi,* 331 F.3d 499, 508 (5th Cir. 2003)).

The judgment of the district court is AFFIRMED.